IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

CATHERINE F. RIGGLE, *et al.*,

    Plaintiffs,

v.     Civil Action No. 1:17-cv-00792

THE REVOLUTION DARTS AND
BILLIARDS-CENTREVILLE, LLC,
*et al.*,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment.

Plaintiffs Catherine Riggle and Elise Minnick were each employed at three pool halls owned and operated by the Defendants. Plaintiffs began working for the Defendants in April 2014 when Defendants purchased the three pool halls from Plaintiffs' previous employer. The Plaintiffs' were employed as bartenders, cocktail waitresses, and shift leaders. For the majority of their employment period both plaintiffs were compensated at an hourly rate, with the exception of a period of time from September 19, 2016, until February 14, 2017, during which time Ms. Riggle was placed on a salary of $43,500. They

received varying rates of hourly compensation based on the role they performed in separate shifts.

Plaintiffs allege that throughout the period of their employment they received no overtime pay for working above forty hours in a single workweek. They further allege that Defendants failed to post or otherwise make visible or available at Defendants' place of business any poster or information that notified employees of the federal overtime compensation requirement, and that the Defendants explicitly and willfully misinformed each Plaintiff that they were not entitled to be paid for overtime hours at the federal overtime pay rate.

Plaintiffs filed their complaint on July 12, 2017. On January 29, 2018, after discovery had been completed, Plaintiffs filed their Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of

material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The Court finds this case is ripe for summary judgment.

An action under the FLSA must generally be commenced within two years after the cause of action accrued, but where an employer commits a willful violation of the FLSA, an action may be commenced within three years after the cause of action accrued. 29 U.S.C. § 255(a). Willful violation may be found where the "employer knew its conduct violated the FLSA, or showed reckless disregard of such a determination." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 358 (4th Cir. 2011).

Plaintiffs argue they are entitled to summary judgment on the issue of willfulness of the violations, and are therefore entitled to the one-year extension of the statute of limitations. Defendants have acknowledged that they were aware of the recordkeeping and timekeeping requirements of the FLSA, and yet Defendants have failed to produce any timekeeping records besides secondary source spreadsheets derived from paystubs which were in turn derived from time records the Defendants admit had been altered by subtracting a half-hour lunch break from each shift. These spreadsheets detail only the total hours worked each two-week pay period and the total wages earned, and thus do not indicate how many shifts were worked

each week or how many half-hour deductions were made. Defendants have at least shown reckless disregard, therefore, as to whether they were violating the FLSA by failing to maintain proper records. Plaintiffs are thus entitled to the three-year statute of limitations.

Plaintiffs argue that they were non-exempt employees entitled to receive overtime compensation under the FLSA for hours worked in excess of 40 during a single workweek. The FLSA requires that employees be paid time and a half for hours worked in excess of forty in a single week. 29 U.S.C. § 207(a)(1). The FLSA also provides an exemption from the overtime pay requirement, however, for persons "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The application of an exemption under the FLSA is an affirmative defense on which the employer has the burden of proof. Clark v. J.M. Benson Co., Inc., 789 F.2d 282, 286 (4th Cir. 1986). Moreover, "the remedial nature of the statute requires that FLSA exemptions be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within [the exemptions'] terms and spirit." Darveau v. Detecon, Inc., 515 F.3d 334, 337-38 (4th Cir. 2008) (internal quotations omitted). "[W]here the record evidence will not allow an employer to meet its heavy burden of showing, by clear and convincing evidence,

that an exemption applies, then summary judgment is appropriate." Morrison v. County of Fairfax, 826 F.3d 758, 773 (4th Cir. 2016).

Defendants argue that Plaintiffs were exempt from the overtime pay requirement because they were employed as managers, and therefore fall under the administrative and/or executive exemptions. However, Department of Labor regulations define what constitutes employment in an executive or administrative capacity. To qualify for the administrative exemption, (1) the employee must be paid a salary, (2) the employee's "primary duty [must be] the performance of office or non-manual work directly related to the management or general business operations" of the business, and (3) the employee's "primary duty [must] include[] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200.

Similarly, an executive employee is defined as one who is (1) paid a salary, (2) has a primary duty of managing the enterprise, (3) "customarily and regularly directs the work of two or more other employees," and (4) "has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, [etc.] . . . of other employees are given particular weight." 29 C.F.R. § 541.100. In both of these definitions "the term 'primary duty' means the principal, main,

major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).

As an initial matter, the record indicates that both Plaintiffs were paid on an hourly basis for their entire period of employment, with the exception of a five-month span of time during which Plaintiff Riggle was paid on a salaried basis. Thus, the majority of the work performed by the Plaintiffs cannot qualify for either the administrative or the executive exemption.

Even if the Plaintiffs were considered salaried employees, however, the "primary duty" prongs of the exemption tests also fail. The record indicates that the plaintiffs' primary duty is serving as bartenders and cocktail waitresses. FLSA exemptions must be construed narrowly, and it cannot be said that Plaintiffs' primary duty involves office work or non-manual management of business operations of the employer. Thus, the administrative capacity exemption does not apply. Furthermore, the executive capacity exemption also does not apply, since the Plaintiffs' primary duty is not directly related to management of the enterprise. The Plaintiffs are therefore non-exempt employees entitled to overtime compensation.

Defendants argue that there is a genuine dispute of material fact regarding whether the half-hour manual deductions that Defendants made from each of Plaintiffs' shifts were lawful

under the FLSA. Defendants contend that the FLSA allows automatic deductions for lunch breaks if the employer accurately records the employees' work hours, including work performed during the lunch break. However, Defendants have failed to meet that standard, as they have not produced any timekeeping records that accurately reflect the hours worked during each shift, how many shifts were worked each pay period, or how many automatic deductions were made. Thus, Plaintiffs are entitled to summary judgment on this issue.

Defendants also argue that Plaintiffs are not entitled to the overtime compensation amount they request because they received tips which adequately covered their overtime pay requirements during most workweeks, and any workweek in which the tips did not cover overtime pay requirements the plaintiffs' wages were supplemented as necessary. As an initial matter, Defendants did not raise this affirmative defense in their answer, raising it for the first time in their Opposition to Plaintiffs' Motion for Summary Judgment which was eleven days untimely.

Section 3(m) of the FLSA permits an employer to take a tip credit toward its minimum wage obligations for tipped employees, equal to the difference between the required cash wage and the federal minimum wage. 29 U.S.C. § 203(m). However, the regulation governing tip credit, 29 C.F.R. § 531.52, states that

"[t]he employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool." Defendants have cited no authority for the argument that tip credit can be applied against overtime pay requirements.

Plaintiffs in FLSA litigation must only show the amount and extent of their improperly compensated work "as a matter of just and reasonable inference." Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113, 1116 (4th Cir. 1985) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). The burden then shifts to the employer to rebut the prima facie case by producing evidence of the precise amount of work performed. Id. Where the employer fails to produce such evidence, the court will award damages based on Plaintiff's testimony, "even though the result be only approximate." Anderson, 328 U.S. at 688.

Plaintiffs have presented evidence of the amount and extent of their improperly compensated work by referencing the paystub spreadsheets provided by Defendants and dividing the total wages earned each pay period by the total hours worked to arrive at an average hourly rate. The total hours worked figure was also supplemented by adding in a half-hour per estimated shift, since both parties have stipulated that the paystub spreadsheets only

accurately reflect the hours worked by the employees if the manually-deducted half hour per shift is added back in. Using this method of calculation, the Plaintiffs conclude that Plaintiff Riggle is owed $5,969.80 based on an average hourly rate of $18.66 for 639.85 hours of unpaid overtime, and that Plaintiff Minnick is owed $17,512.67 based on an average hourly rate of $17.76 for 1,975.68 hours of unpaid overtime. As Defendants have not produced more accurate timekeeping records to indicate precisely how many shifts Plaintiffs worked at what compensation rate each pay period, Plaintiffs' evidence is unrebutted.

Plaintiffs have requested relief in the amount of all unpaid overtime wages plus an equal amount in liquidated damages. The FLSA provides for mandatory liquidated damages in an amount equal to the unpaid overtime compensation. 29 U.S.C. § 216(b); Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997) (stating that "FLSA plainly envisions that liquidated damages in an amount equal to the unpaid overtime compensation are the norm for violations" of the FLSA's overtime pay requirement). Accordingly, Plaintiff Riggle is entitled to $5,969.80 in liquidated damages and Plaintiff Minnick is entitled to $17,512.67 in liquidated damages. In total, Plaintiff Riggle is entitled to $11,939.60, and Plaintiff Minnick is entitled to $35,025.34.

Finally, Plaintiffs have requested reasonable attorneys' fees and costs. The FLSA expressly provides that the court in an FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs have provided to the Court an affidavit of Plaintiffs' counsel stating the reasonable attorneys' fees and costs incurred in this matter. Defendants' opposition did not contest the reasonableness of the fees and costs stated in Plaintiffs' affidavit. According to the affidavit, Plaintiffs' counsel spent 93 total hours working on Plaintiffs' case at a rate of $425.00 an hour, amounting to $39,525.00 in fees. The total costs of this litigation amount to $1,573.50, bringing the total fees and costs to $41,098.50. The Court finds the stated fees and costs to be reasonable.

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of Plaintiffs. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 30, 2018